UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAIJANA E. CARRASCO,
    Plaintiff,

v.                                                                Case No. 21-CV-208

US CENSUS DEPARTMENT
GREEN BAY OFFICE HR DEPARTMENT,
    Defendant.

## ORDER

Daijana E. Carrasco originally filed this action in the Brown County Circuit Court to recover $3,700 in wages and travel expenses from her time as a census worker. ECF No. 1-3. The Federal Government removed the action to this court under 28 U.S.C. § 1442 on February 18, 2021. ECF 1. Eighteen days later, it moved to dismiss the action under the doctrine of derivative jurisdiction. ECF No. 3.

The doctrine of derivative jurisdiction provides that upon removal if "the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939). The doctrine is "a background rule against which all of the removal statutes operate," unless abrogated by Congress. *Rodas v. Seidlin*, 656 F.3d 610, 618 (7th Cir. 2011). The doctrine was abrogated for removals under the general removal statute, 28 U.S.C. § 1441, but it lives on for removals under the federal officer removal statute, 28 U.S.C. § 1442. *Id.* at 618–619.

Although it speaks of "jurisdiction," the doctrine "is best understood as a procedural bar to the exercise of federal judicial power. That is, the doctrine creates a defect in

1

removal, but is not an essential ingredient to federal subject matter jurisdiction." *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011). Drawing parallels to the plaintiff's duty under 28 U.S.C. § 1447(c), the Seventh Circuit adopted a rule "requiring defendants to assert the derivative jurisdiction doctrine within 30 days from removal." *Ricci v. Salzman*, 976 F.3d 768, 774 (7th Cir. 2020). Failure to do so results in forfeiture of the defense. *Id.* Otherwise, if the defense is properly asserted, the action must be dismissed without prejudice. *Id.*

The Federal Government raised the doctrine of derivative jurisdiction within 30 days of removal, contending that the Brown County Circuit Court did not have subject matter jurisdiction over Carrasco's claims. Absent a waiver of sovereign immunity, a court does not have subject matter jurisdiction to hear cases against the Federal Government and its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). That waiver "must be unequivocally expressed in statutory text," which is "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The Little Tucker Act, 28 U.S.C. 1346(a)(2), unequivocally waives the Federal Government's sovereign immunity with respect to certain monetary claims. *United States v. Bormes*, 568 U.S. 6, 10 (2012). In relevant part, the statute provides:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . .

28 U.S.C. § 1346(a)(2). "The Little Tucker Act and its companion statute, the Tucker Act, § 1491(a)(1), do not themselves 'creat[e] substantive rights,' but 'are simply jurisdictional provisions that operate to waive sovereign immunity for claims premised on other sources

of law.'" *Bormes*, 568 U.S. at 10 (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)) (alteration in original).

The Tucker Act plays a "gap-filling role," providing "the missing ingredient for an action against the United States for the breach of monetary obligations not otherwise judicially enforceable." *Id.* at 12–13. Accordingly, the Tucker Act is displaced "when a statute contains its own self-executing remedial scheme." *Id.* at 11. When that occurs, a court must "look only to that statute to determine whether Congress intended to subject the United States to damages liability," *id.*, focusing on "(1) whether sovereign immunity has been waived and (2) where the case may be heard." *King v. United States*, 112 Fed. Cl. 396, 401 (2013).

As the foregoing makes clear, it is important to pause and consider the source of Carrasco's right to recover monetary damages from the Federal Government. Carrasco commenced the action by filing a small claims form complaint. *See* ECF No. 1-3. The complaint alleges:

> I worked for the Census from 7/2020 – 10/2020. While working for it I was sent to work in Traveling Status. There was minimal information and a huge disorganization. No one knew how to do things. I work in ICQ from September 26, 2020 – 10/5/2020. My working hours and mile[a]ge were never paid. I spoke with the HR Department for weeks and they never solved the situation.

*Id.* Carrasco seeks to recover $3,700 in unpaid wages and travel expenses. *Id.* Because of the complaint's brevity, it is unclear under which legal theory or statute Carrasco brings this action. The most likely source of her right to recover the $3,700 in unpaid wages and travel expenses from the Federal Government is either a contract or the Fair Labor Standards Act (FLSA).

3

The Little Tucker Act unequivocally waives the Federal Government's sovereign immunity with respect to contract claims that do not exceed $10,000. However, the statute only confers subject matters jurisdiction to hear such suits on the district courts and the United States Court of Federal Claims. Therefore, the Brown County Circuit Court did not have subject matter jurisdiction over Carrasco's contract claim against a Federal agency.

The FLSA contains its own self-executing remedial scheme, s*ee* 29 U.S.C. § 216(b), and independently waives the Federal Government's sovereign immunity. *El-Sheikh v. United States*, 177 F.3d 1321, 1323 (Fed. Cir. 1999). As for where FLSA cases against the Federal Government may be heard, the statute permits an employee to enforce their rights under the Act "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The Federal Circuit has concluded that "the words 'of competent jurisdiction' tell us that the words do not stand alone but require one to look elsewhere to find out what court, if any, has jurisdiction." *Zumerling v. Devine*, 769 F.2d 745, 749 (Fed. Cir. 1985). Put another way, "[b]ecause no specific court is identified, the FLSA, in contrast to other statutes, expressly leaves a 'gap' that requires the courts 'to find out what court, if any, has jurisdiction.'" *King v. United States*, 112 Fed. Cl. 396, 400 (2013) (quoting *Zumerling*, 769 F.2d at 749). At least three circuits have turned to the Tucker Act to fill that gap. *See Zumerling*, 769 F.2d at 749; *Parker v. King*, 935 F.2d 1174, 1178 (11th Cir. 1991); *Graham v. Henegar*, 640 F.2d 732, 735 (5th Cir. 1981). I agree and will join them in doing so here. Under the Little Tucker Act, only the district courts and the United States Court of Federal Claims have subject matter jurisdiction to hear monetary claims against the Federal Government that are based on a federal statute and do not exceed $10,000. As a result, only the district courts and the United States Court of Federal Claims

have subject matter jurisdiction to hear FLSA claims against the Federal Government that do not exceed $10,000. Therefore, the Brown County Circuit Court did not have subject matter jurisdiction over Carrasco's FLSA claim against a Federal agency.

Carrasco responds to the government's motion to dismiss with a request that I transfer the case to this court's Green Bay Division. However, that transfer would not solve the problem posed by the derivative jurisdiction doctrine. I will decline her request.

In the end, I conclude that the Brown County Circuit Court did not have subject matter jurisdiction over Carrasco's action. Under the doctrine of derivative jurisdiction, I must dismiss the action without prejudice. If Carrasco wishes to continue to pursue her claims, she may file a new complaint in an appropriate federal court.

**IT IS THEREFORE ORDERED** that the Defendant's motion to dismiss is **GRANTED** and the action **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, on this 9th day of February, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge